IN THE UNITED STATES DISTRICT COURT
FOR THE <u>WESTERN</u> DISTRICT OF TENNESSEE
_____ DIVISION

RECEIVED 11 SEP 13 AM 9: 24

| | |
|---|---|
| <u>MICHAEL MILLS</u> Name ) | (List the names of all the plaintiffs filing this lawsuit. "Do not use "et al." Attach additional sheets if necessary. |
| Prison Id. No. <u>75019</u> ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| ) | (To be assigned by the Clerk's office. Do not write in this space.) |
| **Corrections Corporation of America,** ) | |
| ) | |
| JOE EASTERLING, WARDEN, Name ) | |
| ROSIE KENDRIX, ASSISTANT WARDEN, Name ) | **Jury Trial** ☒ Yes ☐ No |
| KENT JOY, MAILROOM SUPERVISOR; Name ) | |
| ) | |
| **Tennessee Department of Corrections,** ) | (List the names of all defendants against whom you are filing this lawsuit. Do not use "et al." Attach additional sheets if necessary. |
| ) | |
| DERRICK SCHOFIELD, COMMISSIONER, Name) | |
| RUBEN HODGE, ASSISTANT COMMISSIONER) | |
| JEFF BUTLER, TDOC LIAISON, Name ) | |
| BRYANT WILLIAMS TDOC CONTRACT Name ) | |
| MONITOR, Name ) | |
| ) | |
| \* **Hardeman County, Tennessee** ) | |
| ) | |
| WILLIE SPENCER, COUNTY MAYOR Name ) | |
| ) | |
| **Hardeman County Correctional Facilities Corp.** ) | |

Defendant(s)

<u>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS</u>
<u>FILED PURSUANT TO 42 U.S.C. § 1983</u>

I. PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)

   A. Have you or any of the other plaintiffs in this lawsuit filed any other lawsuits in the United States District Court for the _____ District of Tennessee, or in any other federal or state court?

   ☐ Yes   ☒ No

---

\* Hardeman County entered into a contract with the State of Tennessee, Department of Correction which also "approved the creation of the Hardeman County Correctional Facilities Corporation (HCCFC) for the purpose of constructing and operating a prison." (p.2) HCCFC then "contracted with Corrections Corporation of America to construct and manage the prison" where the Plaintiff is being held. (p.23)

B. If you checked the box marked "Yes" above, provide the following information:

1. Parties to this previous lawsuit

   Plaintiffs: _____ N/A _____
   Defendants: _____ N/A _____

2. In what court did you file the previous lawsuit? _____ N/A _____

   (If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.

3. What was the case number of the previous lawsuit? _N/A_

4. What was the Judge's name to whom the case was assigned? _____ N/A _____

5. When did you file the previous lawsuit? _____ N/A _____ (Provide the year, if you do not know the exact date.)

6. What was the result of the previous lawsuit? For example, was the case dismissed, appealed, or still pending? _N/A_

7. When was the previous lawsuit decided by the court? _____ N/A _____ (Provide the year, if you do not know the exact date.)

8. Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit.

   ☐ Yes   ☐ No   N/A

II. THE PLAINTIFF'S CURRENT PLACE OF CONFINEMENT (The following information must be provided by each plaintiff.)

A. What is the name and address of the prison or jail in which you are currently incarcerated? Hardeman County Correctional Facility (C.C.A.)

B. Are the facts of your lawsuit related to your present confinement?

   ☑ Yes   ☐ No

C. If you checked the box marked "No" in question II.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain.

D. Do the facts of your lawsuit relate to your confinement in a Tennessee State Prison?

   ☑ Yes   ☐ No
   If you checked the box marked "No," proceed to question II.II.

2

E. If you checked the box marked "Yes" in question II.D above, have you presented these facts to the prison authorities through the state grievance procedure?

☑ Yes   ☐ No

F. If you checked the box marked "Yes" in question II.E above:

1. What steps did you take?   Totally exhausted grievance procedure and appealed it to the Commissioner.

2. What was the response of prison authorities?   Recommended that Defendant Kendrix should ensure that Defendant Joy and his staff adhere strictly to T.D.O.C. Policy 507.02 regarding the handling of all mail, to include legal mail.

G. If you checked the box marked "No" in question II.E above, explain why not.   N/A

H. Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?

☑ Yes   ☐ No

I. If you checked the box marked "Yes" in question II.H above, have you presented these facts to the authorities who operate the detention facility?

☑ Yes   ☐ No

J. If you checked the box marked "Yes" in question II.I above:

1. What steps did you take?   There has been various complaints voiced to the administration about Defendant Joy's mailroom policy, including the filing of my Inmate Grievance.

2. What was the response of the authorities who run the detention facility? They have made Defendant Joy change his policy regarding when mail is collected but still have not established a procedure that will comply with the U.S. Supreme Court's ruling in **Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)**.

L. If you checked the box marked "No" in question II.I above, explain why not.   N/A

Attach copies of all grievance related materials including, at a minimum, a copy of the grievance you filed on each issue raised in this complaint, the prison's jail's response to that grievance, and the results of any appeal you took from an initial denial of your grievance.
   *See Attachment No. 1.* Inmate Grievance #18835/232980 and responses as returned

III. PARTIES TO THIS LAWSUIT

3

A. Plaintiff(s) bringing this lawsuit:

1. Name of the first plaintiff: Michael Mills

   Prison Id. No. of the first plaintiff: 75019
   Address of the first plaintiff: Hardeman County Correctional Facility
   P.O. Box 549, 2520 Union Springs Road, Whiteville, TN 38075-0549
   Include the name of the institution and mailing address, including zip code.
   **If you change your address you must notify the Court immediately.**

B. Defendant(s) against whom this lawsuit is being brought:

1. Name of the first defendant: Corrections Corporation of America ("CCA")

   Place of employment of the first defendant: Corrections Corporation of America

   The first defendant's address: 10 Burton Hills Blvd., Nashville, TN 37215-6105

   Named in official capacity?   ☑ Yes   ☐ No
   Named in individual capacity?  ☑ Yes   ☐ No

2. Name of the second defendant: Joe Easterling, Warden

   Place of employment of the second defendant: Corrections Corporation of America at the Hardeman County Correctional Facility ("HCCF")

   The second defendant's address: P.O. Box 549, 2520 Union Springs Road, Whiteville, Tennessee, 38075-0549

   Named in official capacity?   ☑ Yes   ☐ No
   Named in individual capacity?  ☑ Yes   ☐ No

3. Name of the third defendant: Rosie Kendrix, Assistant Warden of Programs

   Place of employment of the third defendant: Corrections Corporation of America at the Hardeman County Correctional Facility

   The third defendant's address: P.O. Box 549, 2520 Union Springs Road, Whiteville Tennessee, 38075-0549

   Named in official capacity?   ☑ Yes   ☐ No
   Named in individual capacity?  ☑ Yes   ☐ No

4. Name of the fourth defendant: Kent Joy, Mailroom Supervisor

   Place of employment of the fourth defendant: Corrections Corporation of America at the Hardeman County Correctional Facility

   The first defendant's address: P.O. Box 549, 2520 Union Springs Road, Whiteville

4

Tennessee, 38075-0549

Named in official capacity? ☑ Yes ☐ No
Named in individual capacity? ☐ Yes ☐ No

5. Name of the fifth defendant: Tennessee Department of Correction ("TDOC")

   Place of employment of the second defendant: The State of Tennessee

   The second defendant's address: State of Tennessee, Department of Correction Rachel Jackson Building, 6th Floor, 320 6th Avenue North, Nashville, TN 37243-1400 www.state.tn.us/correction

   Named in official capacity? ☑ Yes ☐ No
   Named in individual capacity? ☑ Yes ☐ No

6. Name of the sixth defendant: Derrick Schofield, TDOC Commissioner

   Place of employment of the sixth defendant: The State of Tennessee, TDOC

   The sixth defendant's address: State of Tennessee, Department of Correction Rachel Jackson Building, 6th Floor, 320 6th Avenue North, Nashville, TN 37243-1400 www.state.tn.us/correction

   Named in official capacity? ☑ Yes ☐ No
   Named in individual capacity? ☑ Yes ☐ No

7. Name of the seventh defendant: Ruben Hodge, Assistant Commissioner of Operations

   Place of employment of the seventh defendant: The State of Tennessee, TDOC

   The seventh defendant's address: State of Tennessee, Department of Correction Rachel Jackson Building, 5th Floor, 320 6th Avenue North, Nashville, TN 37243-1400 www.state.tn.us/correction

   Named in official capacity? ☑ Yes ☐ No
   Named in individual capacity? ☑ Yes ☐ No

8. Name of the eighth defendant: Jeff Butler, TDOC Commissioner's Designee

   Place of employment of the eighth defendant: TDOC at the Hardeman County Correctional Facility

   The eighth defendant's address: H.C.C.F., P.O. Box 549, 2520 Union Springs Road, Whiteville, TN 38075-0549

5

Named in official capacity?        ☒ Yes        ☐ No
Named in individual capacity?      ☒ Yes        ☐ No

9.  Name of the ninth defendant: Bryant Williams, TDOC Contract Monitor

    Place of employment of the ninth defendant: TDOC at the Hardeman County Correctional Facility

    The ninth defendant's address: H.C.C.F., P.O. Box 549, 2520 Union Springs Road, Whiteville, TN 38075-0549

    Named in official capacity?        ☒ Yes        ☐ No
    Named in individual capacity?      ☒ Yes        ☐ No

9.  Name of the ninth defendant: Hardeman County, Tennessee

    Place of employment of the eighth defendant: TDOC at the Hardeman County Correctional Facility

    The eighth defendant's address: H.C.C.F., P.O. Box 549, 2520 Union Springs Road, Whiteville, TN 38075-0549

    Named in official capacity?        ☒ Yes        ☐ No
    Named in individual capacity?      ☒ Yes        ☐ No

IV. STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8½ in. x 11 in. paper. Write on one side only, and leave a 1 in. margin on all four sides.

The Plaintiff, Michael Mills #75019 is serving a sentence that was to be served in the Tennessee Department of Correction. TDOC has entered into an Incarceration Agreement with Hardeman County, Tennessee to construct and operate a prison for State prisoners. This agreement will herein be called "Agreement." Hardeman County has contracted Correction Corporation of America to construct and manage the prison. *See* Agreement § 8.1. HCCF where the Plaintiff is being held and was held on the dates in question, February to May of 2011.

6

      CCA is a corporation operating private prisons and providing services to prisoners and should be treated like city and county governments. Therefore CCA can only be held liable for their policies, and/or for acts taken pursuant to their polices. However, Mr. Kent Joy has violated my rights through his personal actions and should be held liable for his action and/or inaction's. Defendant Joy erected a barrier that impede my right to access the court in my post-conviction process

      According to the agreement the duties and the obligations of Hardeman County that are subcontracted to CCA shall constitute and be deemed performance by Hardeman County. However, performance by Defendant CCA shall not release Hardeman County of its obligation. *See* Agreement § 8.1 The Defendant CCA has violated the agreement with the State.

      The Plaintiff had filed a motion to reopen Plaintiff's post-conviction petition in the Davidson County Criminal Court, Case No. 97-C-1961. On January 27, 2011, the trial court dismissed the Plaintiff's motion. *See* Michael Mills v. State of Tennessee, Case No. M2011-00320-CCA-R28-PC *filed* March 16, 2011, part of **Attachment No. 1**.

      The Plaintiff then prepared to appeal the trial court's dismissal of his motion. The Plaintiff with the assistance with an Inmate Legal Aide finished the Application for Permission to Appeal on Friday, February 4, 2011. However, the Plaintiff was not allowed to take the pleadings to the H.C.C.F. Mailroom until the following day, Monday, February 7, 2011, at legal mail call out. Once at the mailroom, Defendant Joy, the mailroom supervisor for HCCF weighed the mail and advised the Plaintiff of the amount of postage that would be required. Then instead of Defendant Joy processing the legal mail at this time Joy forced the Plaintiff to return the mail to a general population mailbox back at his housing unit. The mail was not retrieved from the mailbox for processing until the following day, Tuesday, February 8, 2011.

      By Defendant Joy returning the legal mail to the Plaintiff Defendant Joy violated T.D.O.C. Policy # 507.02 VI(K)(5) that prohibits outgoing legal mail to be "returned to the inmate under any circumstances." The other named Defendants have knowledge of Defendant Joy's blatant disregard for the law, statutes, agreement and TDOC's own policies.

      The Court of Criminal Appeals specifically held that "Tennessee Supreme Court Rule 28, Section 2(G), defines "Filing" in the context of post-conviction proceedings. Papers are deemed "filed" when the incarcerated appellant "delivered [the paper] to the appropriate **individual** at the correctional facility within the time fixed for filing." "The [Plaintiff's] application in this case was due to be filed no later than Monday, February 7, 2011." The

Court Ruled, "because the [Plaintiff] did not timely file his application for permission to appeal, this Court does not have jurisdiction to entertain this matter." *See* Attachment No. 1 order.

In the Agreement, Section 14.17 states "Laws. Hardeman County shall comply with all applicable federal, state, and local constitutions, laws, and regulations, court decisions, Court Orders and any applicable state and federal orders in the performance of the Contract." Clearly the Defendants have breached the Agreement by disregarding the Tennessee Supreme Court Rule 28, Section 2(G), T.D.O.C. Policy # 507.02 and the Supreme Court of the United States decision in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

The only reason this appeal was denied was because it was filed one (1) day beyond the time allowed. It was due on Monday, February 7, 2011, but the Plaintiff was not able to have it date stamped in the mailroom until Tuesday, February 8, 2011, simply because of Defendant Joy and his new policy regarding legal mail not being accepted at the mailroom window. Making CCA liable for the policy, or the acts of Defendant Joy taken pursuant to their polices.

T.D.O.C. Policy # 507.02VI(K)(4) plainly states "Outgoing privileged mail shall have the envelope date stamped immediately upon its receipt by a designated employee, who will also make an entry in the log for privileged mail." Defendant Joy failed to "*immediately*" process Plaintiff's legal mail by giving it back to the Plaintiff, after he had possession of it and instructing the Plaintiff to return to his unit and put it in the hallway mailbox. The mail in the mailbox was not collected until the following morning (February 8, 2011) at approximately 7:00 am.

The Plaintiff received the order from the Court of Appeals on March 18, 2011. Following this the Plaintiff initiated the Inmate Grievance Process by filing the underlying Grievance on March 25, 2011. Defendant Kendrix filed a response to the grievance on April 1, 2011. In Defendant Kendrix's response she admitted that the process (that was in place at the time in question) "for legal mail was causing some issue so the process was changed and is not being followed. *See* **Attachment No. 1 Response of Supervisor of Grieved Employee or Department.**

The Plaintiff reviewed Defendant Kendrix's response on April 4, 2011. The Plaintiff did wish to appeal the response and so indicated on the Inmate Grievance form. On April 6, 2011, the Plaintiff was given a grievance hearing at HCCF. As a result of this hearing the Grievance Board recommended that Defendant Kendrix should ensure that Defendant Joy and

8

staff adhere strictly to TDOC Policy 507.02 regarding the handling of all mail, to include legal mail. *See* Attachment No. 1, Inmate Grievance Response.

On April 25, 2011, Defendant Joe Easterling the Warden over the Hardeman County Correctional Facility, a CCA employee, agreed with the Grievance Board's proposed response. Then on April 26, 2011, the Plaintiff appealed the grievance to Defendant Schofield TDOC Commissioner.*See* Attachment No. 1, Inmate Grievance Response.

On or about May 24, 2011, the Plaintiff received a Memorandum regarding the Grievance from the Department of Correction. The Commissioner's Response and Reasons stated, "The response of the Committee is appropriate." This was signed by Defendant Hodge, Assistant Commissioner, Operations. *See* Attachment No. 1, Memorandum.

These remedies did nothing to repair the injury caused by Defendant Joy's deliberate misconduct that prevented the Plaintiff from timely filing the appeal. Defendant Joy is still failing to accept legal mail at any time, circumventing the requirements of TDOC Policy # 507.02 VI (K)(4), "Outgoing privileged mail shall have the envelope date stamped immediately upon its receipt by a designated employee..." *See* Attachment No. 2, Defendant Joy's Memo dated 4-1-11.

The Memo issued "From Mailroom Supervisor, Kent Joy through Warden Easterling" In this Memo Defendants Joy and Easterling advise the inmate population that "Legal Mail will be accepted at the mail room window ..." before "approximately 8:00 am every morning." Any legal mail that "is [not] ready to be processed" by 8:00 am will have to be held "until the following morning or place it in the unit mail box." *See* Attachment No. 2.

This still keeps the problem of not being able to "deliver [the legal mail] to the appropriate individual at the correctional facility within the time fixed for filing." *See* Attachment No. 1, Order.

In the instant case the Plaintiff only had a mere "ten (10) days to file an" appeal. The trial court's order denying the motion was filed on January 27, 2011, meaning the "application in this case was due to be filed no later than Monday, February 7, 2011." Id. However, the Plaintiff did not receive the order until February 2, 2011, and through the assistance of his Inmate Legal Aide had the Application for Permission to Appeal prepared two (2) days later on February 4, 2011. *See* Attachment No. 3, Application to Tennessee Supreme Court, p. 4.

Still he was unable to deliver the appeal at this time because the "call out to weigh

legal mail" had already transpired. *See* Attachment No. 4, Defendant Joy's Memo dated September 1, 2010.

Prior to Defendant Joy's promotion to the position of Mailroom Supervisor the Plaintiff along with the general inmate population at HCCF was permitted to bring legal mail to the mailroom window any time the mailroom is open. Following Defendant Joy's promotion he issued the above mentioned memo that stated, "Beginning on September 7, 2010 all legal mail will no longer be brought to the mailroom window, but placed in the unit mailboxes unless the legal mail will not fit into the box." *See* **Attachment No. 4**.

Now under the current mailroom procedures I was again denied access to mail out legal mail to the Hardeman County Attorney on June 20, 2011. According to the current procedures inmates are only permitted to bring their legal mail to the prison mailroom between 7:40 and 8:00 am, Monday through Friday.

Defendant Rosie Kendrix is defendant Joy's direct supervisor as the Assistant Warden of Programs. *See* **Attachment No. 5, *CCA/Hardeman County Correctional Facility*.**

Defendant Kendrix is liable for the actions of Defendant Joy by her knowing refusal to terminate the series of acts by Joy which she knew the action would cause the infliction of constitutional. Defendant Kendrix is the individual who made the initial response to the underlying Grievance. *See* **Attachment No. 1, Inmate Grievance Response**. Defendant Kendrix's inaction or acquiescence to halt Joy's faulty mailroom practices is proof of her reckless or callous indifference to the rights of others.

Defendant Easterling is liable for his gross negligence in supervising both Defendants Joy and Kendrix by allowing the unconstitutional action to continue while he turned a blind eye to the infirmities. Defendant Easterling is the Warden of HCCF and is Defendant Kendrix's direct supervisor. Defendant Easterling issued a "Warden's Directive" directing Defendant Kendrix to ensure that Defendant Joy and staff "adhere strictly to [TDOC] Policy 507.02 regarding the handling of all mail, to include legal mail." *See* **Attachment No. 1, Warden's Directive**.

Defendants Easterling, Kendrix, Butler, and Williams are all liable because Defendant Joy distributed a Memorandum to the Inmate Population by posting the memo in the sallyports of the housing units and on the window at the mailroom and other inconspicuous locations through out the facility announcing that "all legal mail will no longer be brought to

the mailroom window." *See Attachment No. 4.*

Defendant Jeff Butler is the TDOC Liaison or Commissioner's designee for HCCF. Defendant Bryant Williams is the TDOC Contract Monitor or Commissioner's designee for HCCF. According to the Agreement the "Liaison(s) shall be the representative of the State at the Facility to monitor for the Department. Hardeman County's compliance with this contract." *See Agreement § 4.2(b).*

The Defendants are all liable for the breech of the agreement on both parties, the State of Tennessee Department of Correction and Hardeman County. Under Article 5 Hardeman County is obligated to comply with all applicable constitutional standards, federal, state and local laws, court decisions, and Court Orders, consent agreements, whether currently existing or as may be enacted or rendered in the future. Hardeman County is also liable to follow all "existing State and Departmental polices. *See Agreement § 4.2(b).* The Plaintiff is a third party beneficiary of the agreement.

Defendant Ruben Hodge is the Assistant Commissioner of Operations for the Department of Correction. Defendant Hodge is also the Commissioner's designee for HCCF. Defendant Hodge is the designee that answered the Plaintiff's appeal of the grievance to the Commissioner. Defendant Derrick Schofield TDOC Commissioner through Defendant Hodge agreed that the "response of the Committee is appropriate." However, after receiving knowledge of the unconstitutional actions neither Defendant Schofield nor Defendant Hodge have done anything more than issue the above mentioned "Commissioner's Response and Reasons." *See Attachment No. 1, Commissioner's Response and Reasons.*

V.  RELIEF REQUESTED: Specify what relief you are requesting against each defendant.

  A.  That an injunction issue requiring the Tennessee Court of Criminal Appeals construe the Plaintiff's Application for Permission to Appeal as filed on February 7, 2011, making it timely filed;

  B.  That the Defendant Joy be required to accept inmates legal mail any time the mailroom is open;

  C.  That nominal damages be awarded to the Plaintiff along with fees comparable to the fees normally charged by an attorney for the preparation, research and filing of this matter;

  D.  That a federal court or oversight committee monitor the Defendants to ensure that Inmates Legal Mail and Access to the courts are unimpeded; and

  E.  That each of the Defendants pay punitive damages in the amount of $5,000 each.

  F.  I request a jury trial.    ☒ Yes    ☐ No

VI.  CERTIFICATION

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

  Signature: *Michael Mills*    Date: 9-13-11

  Prison Id. No. 75019

  Address:  H.C.C.F.  2520 Union Springs Road, Whiteville, TN  38075-0549

ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT, and provide the information listed above. If there are more then two plaintiffs, attach a separate sheet of paper with their signatures, dates prison identification numbers, and addresses.

ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*, if not paying the civil filing fee.

SUBMIT THE COMPLAINT, THE REQUIRED FILING FEE, OR APPLICATION TO PROCEED *IN FORMA PAUPERIS*, TOGETHER. Complaints received without the required filing fee or application to proceed *in forma pauperis* will be returned. Filing fees, or applications to proceed *in forma pauperis*, received without a complaint will be returned.