IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL MILLS,                          )
                                        )
        Plaintiff,                      )
                                        )
VS.                                     )          No. 11-1281-JDT/egb
                                        )
TENNESSEE DEPARTMENT                    )
OF CORRECTION, et al.,                  )
                                        )
        Defendants.                     )

---

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND MOTION FOR TEMPORARY RESTRAINING ORDER

---

Plaintiff Michael Mills, prison registration number 75019, an inmate at the Hardeman County Correctional Facility ("HCCF"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction ("TDOC"), Corrections Corporation of America ("CCA"),  Hardeman County Correctional Facility ("HCCF") Warden Joe Easterling, HCCF Deputy Warden Rosie Kendricks, Mailroom Supervisor Kent Joy, TDOC Commissioner Derrick Schofield, Assistant TDOC Commissioner Reuben Hodge, TDOC Liaison Jeff Butler, TDOC Contract Monitor Bryant Williams, Hardeman County, and Hardeman County Mayor Willie Spencer. The court dismissed the claims against all defendants except Mailroom Supervisor Kent Joy [DE# 8].

Defendant Joy has filed a motion for summary judgment, and Plaintiff has filed a

cross motion for summary judgment. Plaintiff has also filed a motion for a temporary restraining order. The parties have fully briefed the court on the motions. For the reasons set forth below, Defendant's motion for summary judgment [DE# 25] is GRANTED. Plaintiff's motion for summary judgment [DE# 30] is DENIED, and Plaintiff's motion for temporary restraining order [DE# 31] is DENIED.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or
>
> (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

party's assertion of fact as required by Rule 56(c)" the district court may:

(1)     give an opportunity to properly support or address the fact;

(2)     consider the fact undisputed for purposes of the motion;

(3)     grant summary judgment if the motion and supporting materials–
including the facts considered undisputed–show that the movant is
entitled to it; or

(4)     issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In Celotex Corp., the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery
and upon motion, against a party who fails to make a showing sufficient to
establish the existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial.  In such a situation, there
can be "no genuine issue as to any material fact," since a complete failure of
proof concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial.  The moving party is "entitled
to judgment as a matter of law" because the nonmoving party has failed to
make a sufficient showing on an essential element of [his] case with respect to
which [he] has the burden of proof.

477 U.S. at 322-23.  In considering whether to grant summary judgment, "the evidence as

well as the inferences drawn therefrom must be read in the light most favorable to the party

opposing the motion."  Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986);

see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)

(same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving

party] is such that a reasonable jury could return a verdict for the non-moving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

In his complaint, Plaintiff alleges that the general inmate population at HCCF was permitted to bring legal mail to the mail room window any time that the mail room was open prior to the promotion of Defendant to the position of Mail Room Supervisor. Defendant allegedly issued a memorandum stating, "[b]eginning on September 7, 2010, all legal mail will no longer be brought to the mail room window, but placed in the unit mailboxes unless the legal mail will not fit into the box."

Plaintiff alleges that he needed to appeal the denial of a motion to reopen his post-conviction petition in Davidson County Criminal Court. His motion was denied on January 27, 2011, and he received the order on February 2, 2011. Plaintiff finished his paperwork on Friday, February 4, 2011, but was not allowed to take his pleadings to the prison mail

room until Monday, February 7, 2011.

On February 7, 2011, Defendant allegedly weighed Plaintiff's legal mail, advised him of the required postage, and refused to process the mail at the mail room window. Plaintiff contends that Defendant forced him to take his mail to a general population mail box where it was not retrieved and processed until Tuesday, February 8, 2011. Plaintiff's appeal was dismissed as untimely because it was received one day after the deadline for filing an appeal. Plaintiff has exhausted his administrative remedies.

Plaintiff seeks an injunction requiring the Tennessee Court of Criminal Appeals to construe his appeal as timely filed. Plaintiff also seeks nominal damages and a declaratory judgment that requires Defendant to accept inmate's legal mail any time that the mail room is open.

Despite Plaintiff's allegations, the undisputed evidence in the record establishes that Plaintiff's application was given to the prison mailroom on February 8, 2011, rather than depositing it in the general population mailbox on February 7. The application itself, Plaintiff's certificate of service on the application, and an affidavit that Plaintiff procured from Defendant in support of his application[2] all state that he gave the application to the mailroom on February 8 [DE#s 25-3, 25-4]. Defendant has also presented a copy of the outgoing legal mail log book that states that Plaintiff's legal mail was sent to "Clerk Michael Catalono" in Nashville on "2-8-11" [DE# 25-3]. The Tennessee Court of Criminal Appeals

_____

[2] The affidavit, filed by Plaintiff with the Court of Criminal Appeals, states "On February 8, 2011, Inmate Micheal [sic] E. Mills … did bring legal mail to the prison mailroom that was forwarded to Michael Catalano, Appellate Court Clerk" [DE#s 25-2, 25-4].

specifically found, "According to the Appellant's own statement, he did not sign and give the application to prison officials for mailing until Tuesday, February 8, 2011" [DE# 25-4].

Plaintiff has presented the affidavits of various other inmates who state that Defendant refused to accept their legal mail [DE# 30]. However, the issue for the court is not whether Defendant refused to accept legal mail of other inmates but whether he refused to accept Plaintiff's legal mail on February 7, 2011, and forced Plaintiff to put the mail into a general population mailbox such that the mail was not retrieved until February 8.

Plaintiff's version of the events cannot be accurate according to the undisputed evidence in the record. If he took the application to the mailroom on February 7, then his certificate of service would have been dated February 7 - and not February 8. He would have had no opportunity to change the date on the application if, according to his version of the events, he had taken the application from the mailroom and deposited in the general population mailbox on February 7. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

No reasonable jury could find that Defendant refused to accept Plaintiff's mail on February 7, 2011, and that Plaintiff was forced to place the mail in a general population mailbox on the same day. To the contrary, the record clearly shows that Plaintiff gave the application to the prison mailroom on February 8, 2011. Consequently, Defendant is entitled to judgment as a matter of law, and Defendant's motion for summary judgment is

6

GRANTED. For the same reasons that Defendant's motion is granted, Plaintiff's motion for summary judgment is DENIED. Plaintiff's motion for a temporary restraining order is DENIED as moot. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.


 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE